1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESOL GROUP LLC, | Case No.: 14-CV-04402-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO REMAND |
| SIDNEY T. SCARLETT et al., | |
| Defendants. | |

Before the Court is a Motion to Remand filed by Resol Group LLC ("Plaintiff"). ECF No. 9 ("Mot."). Defendant Sidney T. Scarlett ("Scarlett") has not filed an Opposition. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for February 19, 2015, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion to Remand.

**I.      BACKGROUND**

Beginning June 20, 2005, Scarlett held title to the real property located at 6215 Drifter Drive, San Jose, CA 95123 (the "Property") in Santa Clara County. ECF No. 11-1 ¶ 5. At some time thereafter, Scarlett defaulted on his mortgage, and the Property was sold to Plaintiff at a trustee's sale on May 1, 2014. *Id.* ¶ 6. Plaintiff recorded the Trustee's Deed on May 9, 2014. *Id.*

1

¶ 7.  On May 13, 2014, Plaintiff served a three-day Notice to Quit on Scarlett, informing him that the Property had been sold at foreclosure and that he was to vacate the Property.  *Id.* ¶ 8.

After Scarlett had failed to vacate the Property within three days, Plaintiff filed an unlawful detainer action on May 19, 2014, in Santa Clara County Superior Court.  ECF No. 11-1.  Plaintiff brought the action pursuant to sections 1161a and 1162(a)(3) of the California Code of Civil Procedure.  *Id.*  Judgment was entered in Plaintiff's favor on June 19, 2014.  ECF No. 11-2.

On July 28, 2014, Scarlett filed a writ of mandate with the appellate division of the Santa Clara County Superior Court, claiming error in the unlawful detainer action.  Mot. at 3.  The following day, Scarlett filed a bankruptcy petition staying the appellate proceedings.  *Id.*  The bankruptcy court dismissed the petition on September 16, 2014, explaining that Scarlett had been barred in an April 14, 2014, order from filing any petitions for one year.  ECF Nos. 11-6, 11-7.  On October 22, 2014, the appellate division denied the writ and lifted the stay of eviction.  ECF No. 11-4.  As a result, the sheriff enforced the unlawful detainer judgment, and Plaintiff took possession of the Property on October 24, 2014.  Mot. at 3.

Previously, on July 8, 2014, Plaintiff had also filed an action in Santa Clara County Superior Court to quiet title, cancel fraudulently recorded instruments, and seek declaratory relief.  ECF No. 11-5.  The complaint also alleged slander of title and civil conspiracy under state law.  *Id.*  Scarlett never answered the complaint, and default was entered on August 8, 2014.  Mot. at 6; ECF No. 11 ¶ 6.

On September 30, 2014, Scarlett, acting pro se, filed a Notice of Removal of both Plaintiff's unlawful detainer and quiet title actions to federal court.  ECF No. 1.  In his Notice of Removal, Scarlett appears to allege his own affirmative claims against Plaintiff.  *See id.*[1]  Scarlett also applied to proceed in forma pauperis.  ECF No. 4.  In response, Plaintiff filed the instant

---

[1] Scarlett's affirmative claims against Plaintiff were never raised in the Superior Court actions and thus are not the proper subject of Scarlett's Notice of Removal.  Accordingly, the Court's review of the instant Motion to Remand is limited to the state court actions that Scarlett removed to federal court.

2

1    Motion to Remand on November 10, 2014.  Mot. at 8.  Scarlett's Opposition was due November

2    24, 2014, but he failed to file one.  A hearing on the motion has been set for February 19, 2015.

3           On November 17, 2014, Plaintiff filed an Application to Shorten Time for the motion

4    hearing.  ECF No. 14.  Despite his failure to oppose the Motion to Remand, Scarlett opposed the

5    Application to Shorten Time, filing a Motion to Strike the application on November 21, 2014.

6    ECF No. 20.

7    **II.      LEGAL STANDARD**

8           A suit may be removed from state court to federal court only if the federal court would have

9    had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*,

10   482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal

11   court may be removed to federal court by the defendant.").  If it appears at any time before final

12   judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the

13   action to state court.  28 U.S.C. § 1447(c).

14          The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

15   *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal

16   statute is strictly construed, and any doubt about the right of removal requires resolution in favor of

17   remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

18   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

19   **III.     DISCUSSION**

20          Plaintiff advances two arguments in its Motion to Remand.  Mot. at 7-8.  First, Plaintiff

21   contends that Scarlett's Notice of Removal was untimely because it was filed more than thirty days

22   after Scarlett had received notice of each of the state court actions, in violation of 28 U.S.C.

23   § 1446(b).  Second, even if the Notice of Removal were timely, Plaintiff maintains that the Court

24   does not have subject matter jurisdiction over this action.  For the reasons stated below, the Court

25   GRANTS the Motion to Remand.

26          **A.  Timeliness**

27

28
Case No.: 14-CV-04402-LHK
ORDER GRANTING MOTION TO REMAND

*United States District Court*
*For the Northern District of California*

Although it appears that Scarlett's Notice of Removal was untimely, Plaintiff has forfeited the right to bring such a procedural challenge because Plaintiff's Motion to Remand was itself untimely.  Under the federal removal statute, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  While Plaintiff asserts that the Motion to Remand was "made within 30-days after the filing of the Notice of Removal," Mot. at 4, this is clearly incorrect.  The Notice of Removal was filed on September 30, 2014, ECF No. 1, and the Motion to Remand was filed forty-one days later on November 10, 2014, ECF No. 9.  Plaintiff's procedural challenge is therefore untimely under section 1447(c).  *See Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992) ("The Supreme Court has held that a district court exceeds its authority in remanding on grounds not permitted by § 1447(c)." (brackets and internal quotation marks omitted)); *see also Powell v. DEF Express, Inc.*, 265 F. App'x 672, 674 (9th Cir. 2008) ("Powell's failure to file that motion [to remand] within the 30-day statutory period resulted in forfeiture of his procedural objections to removal."); *Zochlinski v. Univ. of Cal.*, 246 F. App'x 418, 419 (9th Cir. 2007) ("The district court properly denied as untimely Zochlinski's motion to remand based on an untimely removal, because it was filed more than 100 days after defendants' notice of removal."); *Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *1 (N.D. Cal. Apr. 2, 2012) ("Federal courts strictly observe the thirty-day deadline for filing motions to remand." (internal quotation marks omitted)).

### B.  Subject Matter Jurisdiction

The Court may nevertheless consider Plaintiff's Motion to Remand to the extent the motion challenges the Court's subject matter jurisdiction over this action.  *See, e.g.*, *Ceja-Corona v. CVS Pharmacy*, No. 1:12-CV-01703-AWI, 2013 WL 638293, at *4 (E.D. Cal. Feb. 12, 2013).  As the federal removal statute provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Subject matter jurisdiction may not be waived," and the Ninth Circuit has "held that the district court must remand if it lacks jurisdiction."  *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*,

Case No.: 14-CV-04402-LHK
ORDER GRANTING MOTION TO REMAND

346 F.3d 1190, 1192 (9th Cir. 2003).  "When the court's subject matter jurisdiction is at issue, the court may remand sua sponte or on motion of a party, and the party who invoked the federal court's jurisdiction has the burden of establishing it."  *Rosset v. Hunter Eng'g Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *5 (N.D. Cal. July 17, 2014).

Plaintiff argues that the Court has neither diversity jurisdiction nor federal question jurisdiction over the instant case.  Mot. at 7-8.  The Court agrees.  To start, the Court may not exercise diversity jurisdiction because both Plaintiff and Scarlett appear to be California citizens for purposes of 28 U.S.C. § 1332(a).  *See* ECF No. 11-1 ¶ 4 (listing a California address for Scarlett); Ex. 1 to ECF No. 11-5 (listing a California address for Plaintiff); *see also* Mot. at 7. Scarlett, in his Notice of Removal, does not allege otherwise.  *See* ECF No. 2 at 3.

The Court also does not have federal question jurisdiction over this matter.  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Removal pursuant to section 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.

Scarlett has made no such showing here.  Neither Plaintiff's complaint in the unlawful detainer action nor its complaint in the quiet title action asserts any claims that arise under federal law.  *See* ECF No. 11-1; ECF No. 11-5.  That Scarlett advances certain defenses in his Notice of Removal arising under federal law is of no moment because the Court must look only to "the face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  As a result, federal question jurisdiction does not lie over this action.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12-CV-5540 YGR, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer"); *Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *5

Case No.: 14-CV-04402-LHK
ORDER GRANTING MOTION TO REMAND

1   (N.D. Cal. Apr. 25, 2012) (finding "no basis for federal question jurisdiction" where "[t]he

2   complaint alleges the following claims seeking relief under state law: wrongful foreclosure, slander

3   of title, fraud/fraudulent conversion, conspiracy to defraud, illegal eviction, quiet title and other

4   declaratory relief"); *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *3

5   (N.D. Cal. Feb. 3, 2011) (holding that Wells Fargo's "unlawful detainer claim" did "not raise a

6   federal question").

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand the case to

Santa Clara County Superior Court.  Accordingly, the Court DENIES as moot all other pending

motions.

**IT IS SO ORDERED.**

Dated: December 1, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 14-CV-04402-LHK
ORDER GRANTING MOTION TO REMAND