UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESOL GROUP LLC, | Case No.: 14-CV-04402-LHK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR REHEARING |
| SIDNEY T. SCARLETT et al., | |
| Defendants. | |

Defendant Sidney T. Scarlett ("Scarlett"), acting pro se, brings the instant "Motion for Rehearing," ECF No. 25, which effectively requests that the Court reconsider its December 1, 2014 order granting Plaintiff's Motion to Remand, ECF No. 22. The Court will treat Scarlett's Motion for Rehearing as a Motion for Leave to File a Motion for Reconsideration pursuant to Civil Local Rule 7-9.

Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

1

Case No.: 14-CV-04402-LHK
ORDER DENYING MOTION FOR REHEARING

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

After carefully reviewing Scarlett's submissions, including his December 5, 2014 handwritten letter, the Court concludes that Scarlett has made no showing that any of the three bases for reconsideration has been satisfied. Scarlett has sought to remove to federal court an unlawful detainer action and an action for quiet title brought against him in Santa Clara County Superior Court. As explained in the Court's prior order, *see* ECF No. 22 at 5-6, binding precedent precludes this Court from exercising subject matter jurisdiction over these two state court actions. Federal courts such as this one are courts of limited jurisdiction, and Article III of the Constitution forbids federal courts from adjudicating cases over which there is no subject matter jurisdiction.

The Court recognizes that the loss of one's home is a traumatic event. The Court can understand why Scarlett would want to explore any and all appropriate legal options, if any. In this instance, however, the appropriate options lie in the California state courts that have original jurisdiction over the property and legal relationships in question.

The Court refers Scarlett to the Santa Clara County Superior Court's Self-Help Center ("SHC"). The SHC is located at 99 Notre Dame Ave., San Jose, CA 95113, and it is open Monday through Thursday from 8:30 a.m. to 3:00 p.m. The SHC recommends that individuals seeking assistance arrive early. For more information, call (408) 882-2926, or visit the SHC website at http://www.scscourt.org/self_help/civil/civil_help.shtml.

**IT IS SO ORDERED.**

Dated: December 19, 2014

*[signature: Lucy H. Koh]*

LUCY H. KOH
United States District Judge

2

Case No.: 14-CV-04402-LHK
ORDER DENYING MOTION FOR REHEARING